# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Enrique Ramos Perez, | No. CV-25-01886-PHX-SMM-ASB |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Evolet's Painting Services LLC, et al., | |
| Defendants. | |

**TO HON. STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

Before the Court and ripe for disposition is Plaintiff's Motion for Award of Attorneys' Fees and Costs Against All Defendants (Doc. 16), supported by its accompanying affidavits and exhibits (Docs. 16-1 through 16-11) and Plaintiff's Bill of Costs (Doc. 17). For the reasons that follow, undersigned recommends that the Court deny Plaintiff's Motion and grant Plaintiff leave to file a renewed motion that cures the deficiencies outlined below.

### A. Background

Undersigned incorporates by reference the summary of the procedural history of this Fair Labor Standards Act ("FLSA") and Arizona Minimum Wage Act ("AMWA") matter that was contained in the previous Report and Recommendation (Doc. 13). That Report and Recommendation was adopted on January 20, 2026, when this Court granted Plaintiff's Motion for Default Judgment (Doc. 12) against Evolet's Painting Service LLC, Graciela Gabino Ramirez, and Jose Arturo Perez Guzman (collectively, "Defendants");

awarded statutory damages in the amount of $529.20 to Plaintiff against Defendants, jointly and severally; and ordered that any response to Plaintiff's Motion for Attorneys' Fees be filed by February 3, 2026.  (Doc. 14.)

Plaintiff then timely filed his Motion for Award of Attorneys' Fees and Costs (Doc. 16) and Bill of Costs. (Doc. 17.)  No response to the Motion for Attorneys' Fees was filed. Per LRCiv 7.2(i), a lack of response can be deemed as consent to granting of the Motion; nevertheless, undersigned considers the Motion on its merits under the applicable law.

**B.  Discussion**

In a FLSA action, an award of reasonable attorney's fees and costs to a prevailing plaintiff is mandatory.  29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Similarly, under the AMWA, a "prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit." A.R.S. § 23-364(G).  The Ninth Circuit has held that the word "defendant" in the FLSA "describe[s] the party who may be liable for the plaintiff's attorney's fees" and "refers to the employer against whom the charge of violation has been brought." *Richard v. Alaska Airlines, Inc.*, 750 F.2d 763, 766 (9th Cir. 1984).  Defendants have not disputed that the statutory definition applies to them, and the Court finds that Defendants each meet the statutory definition of a "defendant."

The Court further concludes that Plaintiff is the "prevailing party," as Plaintiff "succeed[ed] on any significant issue in litigation which achieve[d] some of the benefit the part[y] sought in bringing suit" regarding Defendants.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)); *see also Haworth v. State of Nev.*, 56 F.3d 1048, 1052 (9th Cir. 1995) (applying *Hensley* in an analysis whether a plaintiff in a FLSA action was the prevailing party).  Defendants have not disputed that Plaintiff is the "prevailing party" under federal or Arizona law.

Thus, undersigned finds Plaintiff is entitled to an award of *reasonable* attorney's fees and costs under federal and Arizona law against Defendants.

In his Motion, Plaintiff requests $8,959.50 in attorney's fees and $644.90 in costs, totaling $9,604.40. (Doc. 16-5 at 3-4.) Also, Plaintiff requests an additional $3,382.40 in "anticipated costs and fees to be incurred in collection on the judgment in favor of Plaintiff as well as the anticipated judgment for attorneys' fees and costs." (Doc. 16 at 13-17.)

Having reviewed Plaintiff's itemization of attorneys' fees and costs, as well as anticipated costs, undersigned finds that Plaintiff's counsel continues to request fees that undersigned, and this Court, have repeatedly warned Plaintiff's counsel are not permitted to recover under Ninth Circuit case law. *See, e.g., Villa v. Express Truss & Framing Sys. LLC*, No. CV-24-01890-PHX-SMM (ASB), 2025 WL 2421028, at *3 (D. Ariz. July 24, 2025), *report and recommendation adopted*, 2025 WL 2420405 (D. Ariz. Aug. 21, 2025), *vacated in part on other grounds*, 2025 WL 3257185 (D. Ariz. Aug. 25, 2025) (warning Plaintiff's counsel that tasks such as emailing and filing documents have been specifically excluded in other of Plaintiff's counsel's cases due to Ninth Circuit precedent, and reminding Plaintiff's counsel of their Rule 11 obligations); *Quigley v. Soul Surgery LLC*, No. CV-24-01050-PHX-SMM (ASB), 2026 WL 98441, at *2, n.3 (D. Ariz. Jan. 14, 2026) (declining to award attorney's fees for administrative costs or anticipated collection costs, and reminding Plaintiff's counsel "of his continuing obligation to comply with Rule 11 of the Federal Rules of Civil Procedure. Should Mr. Bendau persist in seeking relief not authorized by law, the Court may impose the appropriate sanctions.")

Based on review of the exhibits and documents provided by Plaintiff's counsel in this matter, Plaintiff's counsel continues to bill for administrative tasks, for example:

- Finalize, file complaint (.1)
- Compile case documents, send to process server (.2)
- Email thread with process server re case (.2)
- Email thread with process server re case (.3)
- File service executed (.1)
- Finalize, file Application for Entry of Default (.1)
- Email thread with process server re case (.2)

- Finalize, file motion for default judgment (.1)
- Send Motion to chambers (.1)
- Finalize, file motion for attorneys' fees and costs (.1).

(Doc. 16-5 at 2-4.) This Court has repeatedly reminded Plaintiff's counsel that he is not entitled to attorneys' fees for administrative tasks. *See Guardado Lopez v. Air Pro Heating & Cooling LLC*, No. CV-25-02009-PHX-SMM (JZB), 2026 WL 522952, at *2 n.2 (D. Ariz. Feb. 25, 2026) (collecting cases).

The erroneous attorneys' costs for administrative tasks outlined above are but *examples* of issues undersigned has identified with Plaintiff's Motion, issues that the Court has already informed Plaintiff's counsel of numerous times. (*See* Docs. 16, 17); *See Guardado Lopez,* 2026 WL 522952, at *3. Pursuant to a recent Order by a District Judge from this District and consistent warnings to Plaintiff's counsel by this Court, undersigned declines to act as Plaintiff's counsel's "auditor in chief." *See Guardado Lopez,* 2026 WL 522952, at *3.

Accordingly, undersigned recommends that the Court deny Plaintiff's Motion for Award of Attorneys' Fees and Costs (Doc. 16) without prejudice, and afford Plaintiff's counsel the opportunity to file a renewed motion for attorneys' fees and costs correcting the deficiencies outlined above and in *Guardado Lopez.* 2026 WL 522952, at *1-3.

### C. Conclusion

For the foregoing reasons, **IT IS THEREFORE RECOMMENDED:**

1. That Plaintiff's Motion for Award of Attorneys' Fees and Costs Against All Defendants (Doc. 16) be **denied without prejudice**; and

2. That the Court grant Plaintiff the opportunity to file a renewed motion for attorneys' fees that cures deficiencies within **7 days** of the date of the Court's order.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.  The

- 4 -

parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 1st day of April, 2026.

_____
Honorable Alison S. Bachus
United States Magistrate Judge