**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Luis Enrique Ramos Perez,
Plaintiff,
v.
Evolet's Painting Service LLC, et al.,
Defendants.

No. CV-25-01886-PHX-SMM (ASB)

**REPORT AND RECOMMENDATION**

**TO HON. STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

Before the Court and ripe for disposition is Plaintiff's Renewed Motion for Attorneys' Fees and Costs Against All Defendants (Doc. 20), supported by its accompanying affidavits and exhibit (Doc. 20-1) and Plaintiff's Bill of Costs (Doc. 17). Undersigned provides this Report and Recommendation to the District Judge pursuant to General Order 21-25 because not all parties to this matter have consented to the jurisdiction of the undersigned Magistrate Judge.

**A. Background**

Undersigned incorporates by reference the summaries of the facts and procedural history of this matter that were contained in the previous Report and Recommendations (Docs. 13, 18). The Report and Recommendation addressing Plaintiff's Motion for Default Judgment was adopted on January 20, 2026, when this Court granted that Motion against all Defendants (Defendants Evolet's Painting Services LLC, and Graciela Gabino Ramirez

and Arturo Perez Guzman, a married couple – collectively, the "Defaulting Defendants"); awarded statutory damages in the amount of $529.20 to Plaintiff against the Defaulting Defendants, jointly and severally; and permitted Plaintiff to file a motion for attorney's fees by February 3, 2026. (Doc. 14.) Plaintiff timely filed his Motion for Attorney's Fees (Doc. 16) and a Bill of Costs (Doc. 17).

In considering Plaintiff's original Motion for Attorney's Fees, undersigned determined that the Defaulting Defendants each meet the statutory definition of a "defendant" and that Plaintiff qualifies as a "prevailing party" such that fees must be awarded. (Doc. 18 at 2.) In addition, the Court acknowledged that Plaintiff is entitled to an award of *reasonable* fees and costs. (*Id.*) However, undersigned recommended that the District Judge deny the original Motion for fees and costs because undersigned concluded Plaintiff had requested fees that are not recoverable under binding precedent, as the Court has detailed in prior, similar cases litigated by Plaintiff's counsel. (*Id.* at 3-4.) Undersigned further recommended that Plaintiff be permitted to file a renewed motion seeking fees that cured the deficiencies. (*Id.* at 4.)

Plaintiff then timely filed his instant, Renewed Motion for Attorneys' Fees and Costs Against All Defendants. (Doc. 20.) No response to the renewed Motion for Attorney's Fees was filed. Per LRCiv 7.2(i), a lack of response can be deemed as consent to granting of the Motion; nevertheless, undersigned considers the Motion on its merits under the applicable law.

**B. Applicable Law and Analysis**

As noted *supra*, undersigned finds Plaintiff is entitled to an award of reasonable fees and costs under federal and Arizona law against the Defaulting Defendants. (Doc. 18 at 2.) Undersigned now considers whether Plaintiff's renewed Motion establishes whether the amount Plaintiff seeks for fees and costs is reasonable under applicable law.

At the outset, undersigned notes the Plaintiff vehemently opposes the Court's denial of the initial Motion, arguing that the Court should have instead simply excluded hours that it deemed unreasonable. (*See* Doc. 20.) Indeed, Plaintiff (through counsel) goes on at

length in the renewed Motion regarding the importance of counsel's work in these types of cases, implying that this Court does not "accept" the "notion" that employees should be paid for the work they do, or insinuating that the Court believes counsel who represent plaintiffs in FLSA cases are not "as competent as the employer[1]-paid lawyers." (*Id.*) Rather than engage with these inflammatory remarks, the Court will focus – as it always does – on applying the relevant law to the facts presented.

1. <u>Fees</u>

Although "[t]he award of an attorney's fee is mandatory, … the amount of the award is in within the discretion of the court." *Houser v. Matson*, 447 F.2d 860, 863 (9th Cir. 1971) (citation omitted). "To determine a reasonable attorneys' fee under FLSA, the Court uses the lodestar method." *Gary v. Carbon Cycle Ariz. LLC*, 398 F.Supp.3d 468, 485 (D. Ariz. 2019) (citations omitted); *see also Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2008) ("District courts must calculate awards for attorneys' fees using the 'lodestar' method."). To calculate the lodestar, the Court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) (citing *McGrath v. Cty. of Nev.*, 67 F.3d 248, 252 (9th Cir. 1995)).

a. Hourly rate

Therefore, the Court first calculates the lodestar amount. "When a party seeks an award of attorneys' fees, that party bears the burden of submitting evidence of the hours worked and the rate paid. In addition, that party has the burden to prove that the rate charged is in line with the 'prevailing market rate of the relevant community.'" *Carson v. Billings Police Dep't*, 470 F.3d 889, (citing *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996)); *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (quoting *Blum v. Stenson*, 465 U.S. 886, 895) (1984) ("Reasonable hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'").

---

[1] Plaintiff (through counsel) characterizes those employers as "abusive" and "slave-driving." (*Id.*) Plaintiff (through counsel) further suggests that workers are being "re-victimize[d]" by "dis-incentivizing their lawyers from taking on their legitimate wage claims." (*Id.*)

The "relevant community," in turn, "is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

Here, Plaintiff's counsel seeks fees at an hourly rate of $495.00. (Doc. 20 at 11.) In support of the requested amount of $495.00 in the renewed Motion, Plaintiff provides citations to various cases and argues that "[t]he majority of judges in the District of Arizona consistently award Plaintiff's counsel the attorneys' fees he requests, and . . . found Plaintiff's counsel's requests to be both reasonable and a standard of comparison for attorneys whose fees requests go too far." (*Id.* at 5-8.) Based on undersigned's review of the record and recent cases in this District, undersigned concludes that an hourly rate of $395.00 is reasonable.

b. Number of hours

In the instant, renewed Motion, Plaintiff (through counsel) seeks fees for 13.3 hours expended by Clifford Bendau, II. (Doc. 22 at 10.) Undersigned has reviewed the Itemization of Attorney's Fees and Costs submitted as Exhibit A. (Doc. 22-1.)

Undersigned notes that Plaintiff is no longer seeking fees for the majority of administrative or clerical tasks performed by counsel. Although Plaintiff emphasizes in the renewed Motion that he is doing so only in this case, undersigned will take this opportunity to once again remind counsel that the Supreme Court observed in *Missouri v. Jenkins* that "purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them … '[The] dollar value [of that non-legal work] is not enhanced just because a lawyer does it.'" 491 U.S. 274, 288 n.10 (1989) (quotation omitted).

Undersigned will recommend that the June 11, 2025 entry "Draft Magistrate Consent Form, File"[2] be excluded for two reasons. First, the consent form does not require true "drafting", as it consists of filling in the parties' names, the case number, and the date. Second, filing documents is a clerical task that must be excluded. The amount of time

---

[2] This entry is found at Doc. 20-1 at 2.

devoted to each task was not detailed. The excluded entry is .3 hours.

Further, undersigned will recommend that the District Judge exclude Plaintiff's sought time in April and May 2026 reviewing this Court's Orders regarding the first (denied) motion for fees and costs and drafting the instant, renewed Motion[3], given the Court's clear directives to counsel on these issues in the past. Awarding fees for same does not strike undersigned as reasonable or in the interests of justice, in light of the District Judge's repeated reminders to counsel of the pertinent law on reasonableness. Thus, undersigned recommends an additional 1.2 hours be excluded.

c. Lodestar calculation and conclusion

Therefore, of the 13.3 hours billed by Clifford Bendau, II, undersigned recommends that the District Judge exclude 1.5 hours. The resulting lodestar amount is $4,661.00, which represents 11.8 hours for Clifford Bendau, II, at an hourly rate of $395.00.

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland*, 244 F.3d at 1149 n.4. That is, "in rare cases, district court may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of those factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976)… that have not been subsumed in the lodestar calculation." *Gates v. Deukmejian*, 987 F.2d 1392, 1402 (9th Cir. 1992) (internal citations omitted). The *Kerr* factors are:

> (1) the time and labor required,
> (2) the novelty and difficulty of the questions involved,
> (3) the skill requisite to perform the legal service properly,
> (4) the preclusion of other employment by the attorney due to acceptance of the case,
> (5) the customary fee,
> (6) whether the fee is fixed or contingent,
> (7) time limitations imposed by the client or the circumstances,
> (8) the amount involved and the results obtained,
> (9) the experience, reputation, and ability of the attorneys,
> (10) the "undesirability" of the case,

---

[3] These three entries are found at Doc. 20-1 at 3.

(11) the nature and length of the professional relationship with the client, and
(12) awards in similar cases.

526 F.2d at 70; *see also* LRCiv 54.2(c)(3).

This matter is a straightforward wage case, wherein the Defaulting Defendants never participated. Plaintiff's counsel did not have to conduct any discovery regarding those Defaulting Defendants, and there were no complex or significantly contested issues. Undersigned observes that counsel's fees ($4,661.00) far eclipse the amount of damages that counsel recovered for his client ($529.20) – to a tune of nearly nine times the amount Plaintiff will ever see. However, undersigned recognizes that issue is not dispositive. After considering the *Kerr* factors, undersigned will not recommend that the lodestar be adjusted.

2. Costs

In addition to fees, Plaintiff seeks filing and service costs totaling $644.90. (Doc. 20 at 11, Doc. 17.) The itemization attached to the renewed Motion lists the same total, which represents $405.00 in filing fees plus $239.90 in service fees. (Doc. 20-1 at 4.) Those costs appear in Plaintiff's Bill of Costs and accompanying process server's invoice. (Doc. 17.) Undersigned finds the sought out-of-pocket costs to be reasonable and supported by the documentation. Therefore, Plaintiff's awardable costs are $405.00 in filing fees and $239.90 in allowed service fees, for a sum of $644.90, and that is the amount undersigned recommends

**C. Conclusion**

For the foregoing reasons, **IT IS THEREFORE RECOMMENDED:**

1. That Plaintiff's Motion for Attorney's Fees (Doc. 20) be **granted in part**; and
2. That the Court award Plaintiff $4,661.00 in attorney's fees and $644.90 in costs, for a total of **$5,305.90,** against Defendants Evolet's Painting Services LLC, and Graciela Gabino Ramirez and Arturo Perez Guzman, jointly and severally. This recommended award excludes 1.5 total hours in attorney's fees. This recommended award is in addition to the statutory damages previously awarded by the Court in Doc. 14.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 23rd day of September, 2026.

Honorable Alison S. Bachus
United States Magistrate Judge